FRANK YELL v. THE STATE.

No. 184.    Decided November 24, 1909.

Burglary—Charge of Court—Sufficiency of the Evidence—Motion for New Trial.

Where the complaint to the court's charge alleged that the court erred, to the defendant's injury, without setting forth the supposed defect, and the testimony was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Palo Pinto.    Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the District Court of Palo Pinto County on March 10th, of this year, on a charge of burglary, and his punishment assessed at confinement in the penitentiary for a period of two years.

1. In his motion for a new trial appellant complains of two or three paragraphs of the court's charge, in which he says, quoting the paragraphs, that the court erred to his injury, without in any manner undertaking to set out wherein the charge complained of was error, or what the supposed defect was.    In the absence of motion for a new trial pertinently pointing out the defect in charges given, we are not authorized to consider same.    That the complaints to the charges of the court in this case are too general, is undoubtedly sustained by the authorities.    Thompson v. State, 32 Texas Crim. Rep., 265; Reynolds v. State, 17 Texas Crim. App., 413; Shelton v. State, 54 Texas Crim. Rep., 588.    In the last named case we held that where upon appeal from a conviction of murder the complaint was

that the charge of the court was too general and uncertain and · was well calculated to confuse and mislead the jury, the exception could not be considered, as it failed to point out in what way the charge was objectionable. The exception in that case was much more specific than the one in the motion here.

2. It is further complained that the evidence is insufficient to sustain a conviction. We cannot accede to the correctness of this contention; on the contrary a careful inspection of the record convinces us that the testimony is abundantly sufficient to sustain the conviction.

Finding no error in the judgment it is hereby in all things affirmed.

*Affirmed.*

Brooks, Judge, absent.